**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE KINGATE MANAGEMENT LIMITED LITIGATION | Master File No. 09 Civ. 5386 (DAB) |
| This Document Relates To:  All Actions | * ECF filing |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL G. TANNENBAUM'S MOTION TO DISMISS

**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

*Counsel for Defendant Michael G. Tannenbaum*

Defendant Michael G. Tannenbaum respectfully submits this Memorandum of Law in Support of his Motion to Dismiss the Amended Consolidated Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

The Complaint is palpably silent about Mr. Tannenbaum.  Indeed, the *only* individualized allegation about Mr. Tannenbaum is contained in a single paragraph.  And that isolated allegation falls far short of stating any claim for relief.

The only substantive mention of Mr. Tannenbaum in the Complaint is that he "is a Director of KML, and oversaw and directed KML's wrongful actions on behalf of the Funds." Compl. ¶ 40.  That conclusory statement—and the fact that Mr. Tannenbaum is a citizen of New York—comprise the sum total of the allegations specifically about Mr. Tannenbaum.  *Id.*

Put simply, plaintiffs utterly fail to state any claim against Mr. Tannenbaum. Mr. Tannenbaum owed no duty to the plaintiffs.  It is plain on the face of the Complaint that he had no relationship with the plaintiffs, either contractual or otherwise.  Plaintiffs allege only that Mr. Tannenbaum was a director of KML.  He was not a director of either Kingate Global Fund, Ltd. ("Kingate Global") or Kingate Euro Fund, Ltd. (Kingate Euro") (together, the "Funds").  Thus, not only did Mr. Tannenbaum lack any privity with the plaintiffs, he was not even a director of the Funds in which the plaintiffs invested.

Nor did Mr. Tannenbaum make a single representation to the plaintiffs.  The representations in the Information Memoranda on which the plaintiffs rely cannot be attributed to individual directors.  This point is even sharper for Mr. Tannenbaum, who was not a director of either Kingate Global or Kingate Euro, the entities in which plaintiffs invested.

## BACKGROUND

To avoid unnecessary burden on the Court, Mr. Tannenbaum incorporates and adopts in

pertinent part the relevant facts as set forth in the Memorandum of Law in Support of Kingate

Management Limited's Motion to Dismiss ("the KML Memorandum") and the Memorandum of

Law in Support of John Epps, Graham Cook and Charles Sebah's Motion to Dismiss ("the

Directors' Memorandum").

**ARGUMENT**

Mr. Tannenbaum incorporates by reference the KML Memorandum and the Directors'

Memorandum, and relies on the arguments set forth in those Memoranda in support of this

motion to dismiss.[1]

## I.   PLAINTIFFS FAIL TO STATE A CLAIM BECAUSE MR. TANNENBAUM LACKED ANY RELATIONSHIP WITH PLAINTIFFS

Plaintiffs allege *only* that Mr. Tannenbaum was a director of KML.  He was not a director

of the Funds, and had no relationship whatsoever with the plaintiffs.  Plaintiffs had investments

in the Funds; the Funds had a contractual relationship with KML; and Mr. Tannenbaum was a

director of KML.  Thus, even if plaintiffs had standing  to bring direct claims against KML (and

they do not), they have no factual or legal basis for any claim against an individual director of

KML.

The conclusory allegations about Mr. Tannenbaum, coupled with plaintiffs' attempt to

group him with other Kingate Defendants, are patently insufficient to state any claim against

him.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009).

As set forth in the Directors' Memorandum, British Virgin Islands ("BVI") law governs

plaintiffs' claims as shareholders of the Funds, and BVI law recognizes no general fiduciary duty

---

[1] Mr. Tannenbaum incorporates the arguments made in the Directors' Memorandum, except for the personal jurisdiction argument.   Similarly, Mr. Tannenbaum incorporates the arguments made in the KML Memorandum, except for the arguments relating to the fraud claims against KML (which are inapplicable to Mr. Tannenbaum, against whom there are no allegations of  either common law fraud or federal securities fraud).

2

owed by directors to the corporation's shareholders.[2]  Directors Memorandum, Section III(A)-

(B); Affidavit of David Chivers, QC, filed by co-defendant KML ("Chivers Aff.") ¶ 62; *see also*

KML Memorandum, Sections IV(A) and (D).  Moreover, as discussed in the Chivers Affidavit,

the claims alleged against Mr. Tannenbaum require proof of either a fiduciary obligation owed to

plaintiffs, or a special relationship between Mr. Tannenbaum and the plaintiffs which warrants

their reliance upon him.  Chivers Aff. ¶¶ 57, 69, 75-92, 95-100, 106.  The Complaint is wholly

devoid of any factual allegation which could possibly give rise to any such duty or obligation on

behalf of Mr. Tannenbaum.   Each of the common law claims asserted by the plaintiffs against

Mr. Tannenbaum fails for the same reasons set forth in the Directors' Memorandum, Section

III(A)-(B) and the KML Memorandum, Sections IV(A) and (D).

     The claims against Mr. Tannenbaum are even more attenuated than those against the

directors of the Funds.  *See* Chivers Aff. ¶ 68.  The only connection between Mr. Tannenbaum

and the plaintiffs alleged in the Complaint is that he was a director of KML, the manager hired

by the Funds.  Although plaintiffs allege that the Information Memoranda constitute

representations made to them when they invested in the Funds, those statements cannot be

attributed to Mr. Tannenbaum.  Chivers Aff.  ¶¶ 70-73.  Mr. Tannenbaum was not a signatory of

the Information Memoranda, nor was he a party to any agreement with the plaintiffs.  Indeed,

Mr. Tannenbaum was not even a director of an entity which was a party to any agreement with

the plaintiffs.  As a director of KML, Mr. Tannenbaum was several steps removed from any

relationship with the plaintiffs.  Nothing about his role as a KML director caused him to owe any

duty to the Funds or to their investors — the plaintiffs.  Certainly, nothing in the Complaint

alleges that Mr. Tannenbaum, as an individual, voluntarily undertook to act as a fiduciary for the

plaintiffs or assumed responsibility for them.  Accordingly, they have no basis for any claim

---

[2] The same is true under Bermuda law (KML is a Bermuda company).

against him, whether based on duty, special relationship or contract.

## II.   PLAINTIFFS LACK STANDING TO ASSERT DIRECT CLAIMS

Plaintiffs' claims of negligence, gross negligence, breach of fiduciary duty, constructive fraud, constructive trust, mutual mistake and unjust enrichment—although they style them as direct—are, in fact, derivative claims.  In each case, the damage alleged is the diminution in value of plaintiffs' shares in the Funds.  Accordingly, any damage suffered by the plaintiffs stems exclusively from harm to the Funds themselves.[3]  In addition, the plaintiffs are not entitled to bring on their own behalf any claim that, in fact, belongs to the Funds.  As discussed in the Directors' Memorandum, Section III(C)-(D)  and the KML Memorandum, Section IV(C), Plaintiffs have no standing to assert direct common law claims.

## III.   PLAINTIFFS' CLAIMS ARE PREEMPTED BY SLUSA

As discussed in the KML Memorandum, Section IV(F)(2), all state law claims which allege or factually rely upon misrepresentations or omissions in connection with the purchase and sale of securities are preempted by the Securities Litigation Uniform Standards Act ("SLUSA").  Even assuming that plaintiffs stated any proper claims against Mr. Tannenbaum, each of the claims falls within SLUSA's preemptive scope.

As noted above, there are no factual allegations specifically about Mr. Tannenbaum. Instead, plaintiffs lump Mr. Tannenbaum in with the Kingate Defendants, and allege generally that, through the Information Memoranda, the Kingate Defendants made "uniform misrepresentations and material omissions" which induced plaintiffs to invest in the Funds, and upon which plaintiffs relied.  Compl. ¶¶ 83-84.   The "wrongful conduct" that plaintiffs allege

---

[3] As noted in the Directors' Memorandum, plaintiffs seek the return of all fees paid to the Kingate Defendants, yet fail to allege that plaintiffs paid any fees to Mr. Tannenbaum.  Indeed, the Court may, based on judicial experience and common sense, conclude that any fees paid to Mr. Tannenbaum as a director of KML were paid by KML, and not by the plaintiffs (who were merely investors in the Funds, which contracted with KML to provide certain services).

hinges on the Kingate Defendants' allegedly false statements about Madoff's investments and their role in monitoring and safeguarding plaintiffs' assets.

As discussed above, Mr. Tannenbaum did not make any of the alleged misrepresentations described above (nor, other than including him in the group defined as Kingate Defendants, do plaintiffs contend otherwise). Even assuming that plaintiffs properly alleged misrepresentations by Mr. Tannenbaum, state law claims based on such misrepresentations, when, as here, they coincide with a securities transaction, are preempted by SLUSA. Numerous courts have rejected similar attempts to bring state law claims related to the Madoff fraud as preempted by SLUSA. *See, e.g., Barron v. Igolnikov,* 09-Civ-4471, 2010 U.S. Dist. LEXIS 22267, *8-13 (S.D.N.Y. Mar. 10, 2010); *Levinson v. PSCC Servs.*, 3:09-CV-00269, 2009 U.S. Dist. LEXIS 119957, *23-40 (D. Conn. Dec. 23, 2009); *Backus v. Conn. Cmty. Bank*, 3:09-CV-1256, 2009 U.S. Dist. LEXIS 119955, *15-34 (D. Conn. Dec. 23, 2009).

## IV.  PLAINTIFFS' CLAIMS ARE BARRED BY THE MARTIN ACT

As discussed in the KML Memorandum, Section IV(F)(3), plaintiffs' claims are also precluded by the Martin Act, New York's blue sky law, which prohibits various fraudulent and deceitful conduct in connection with securities transactions. Numerous courts have held that the Martin Act preempts all state law claims alleging deceptive practices in the securities context, other than claims that require proof of scienter. As noted above, the Complaint fails to allege any specific conduct by Mr. Tannenbaum. Instead, plaintiffs allege generally that they were induced to invest in the Funds by various misrepresentations in the Information Memoranda. Compl. ¶¶ 83-105. These allegations fall squarely within the type of "fraudulent practices" exclusively reserved for enforcement by the New York Attorney General.[4] And, plaintiffs assert that "a substantial number of relevant events" occurred in New York, which suffices to bring

---

[4] None of the claims alleged against Mr. Tannenbaum require proof of scienter.

their claims within the Martin Act's geographical scope.  Compl. ¶¶ 12-13.

Thus, assuming the Complaint states any claim against Mr. Tannenbaum, any such claim is preempted by the Martin Act.  Indeed, courts have repeatedly rebuffed various attempts by plaintiffs in other Madoff-related litigations to bring similar claims that fall within the Martin Act.  *See Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.,* 09-Civ-3708, 2010 U.S. Dist. LEXIS 32215, *19-25 (S.D.N.Y. Mar. 31, 2010); *Stephenson v. Citgo Grp. Ltd.*, 09-CV-00716, 2010 U.S. Dist. LEXIS 32321, *34-52 (S.D.N.Y. March 31, 2010); *In re Tremont Sec. Law, State Law and Ins. Litig.*, 08-Civ. 11117, 2010 U.S. Dist. LEXIS 32216, *27 (S.D.N.Y. Mar. 30, 2010); *Barron*, 2010 U.S. Dist. LEXIS 22267 at *13-16.  Allegations of inadequate due diligence and inattention to "red flags" — the same themes sounded by plaintiffs against the Kingate Defendants — are common threads running through all of these cases.  Plaintiffs' claims here are of the same ilk, and are similarly barred.

## V.   MR. TANNENBAUM INCORPORATES THE ADDITIONAL ARGUMENTS IN THE KML MEMORANDUM

As discussed in the KML Memorandum, the Information Memoranda impose a 6-month limitations period on plaintiffs' claims, running from the earlier of the occurrence giving rise to the suit or the investor's redemption of shares.  KML Memorandum, Section IV(F)(1).  Each of the operative facts alleged in the Complaint occurred prior to the limitations period.  Accordingly, plaintiffs' claims are barred.

Mr. Tannenbaum also incorporates the remaining arguments made by KML, including assumption of risk and intervening cause.  Section IV(A) and (E).

**CONCLUSION**

For the foregoing reasons, Mr. Tannenbaum respectfully submits that the Complaint

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).


Dated:  July 19, 2010
New York, New York

Respectfully submitted,

COOLEY LLP


By:   /s/ Laura Grossfield Birger
   Laura Grossfield Birger (lbirger@cooley.com)
   Karen K. Won (kwon@cooley.com)

1114 Avenue of the Americas
New York, New York  10036
(212) 479-6000

*Attorneys for Defendant Michael G.*
*Tannenbaum*

7

## CERTIFICATE OF SERVICE

I, KAREN K. WON, an attorney duly admitted to practice in the State of New York,

certify and swear under penalty of perjury that, on July 19, 2010, I caused a true and correct copy

of the NOTICE OF MOTION and MEMORANDUM OF LAW IN SUPPORT OF

DEFENDANT MICHAEL G. TANNENBAUM'S MOTION TO DISMISS to be served upon

the following via ECF filing:

**BOIES, SCHILLER & FLEXNER LLP**
David Boies
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

David A. Barrett
Howard L. Vickery
575 Lexington Avenue
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

Stuart H. Singer
Carlos M. Sires
Sashi Bach Boruchow
401 East Las Olas Blvd, #1200
Ft. Lauderdale, FL 3330 I
Tel: (954) 356-0011
Fax: (954)356-0022

**LABATON SUCHAROW LLP**
Joel H. Bernstein
Javier Bleichmar
Michael Woolley
140 Broadway
New York, NY 10005
Tel: 212-907-0700
Fax: 212-818-0477

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Joel P. Laitman
88 Pine Street
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

Steven J. Toll
Daniel S. Sommers
Joshua Devore
S. Douglas Bunch
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699


/s/ Karen K. Won

KAREN K. WON